**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JOSEPH LEWIS**                                                                        **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:16-CV-21-KS-MTP**

**PHILLIPS 66 COMPANY, ET AL.**                                        **DEFENDANTS**

## ORDER

This matter is before the Court on Defendants Union Carbide Corporation and Montello, Inc.'s (collectively "Defendants") Motion for Reconsideration [10]. Defendants ask the Court to reconsider its previous Order [8] on Plaintiff's Motion for Remand [3], arguing the Court made a clear error of law when it ruled that there was no exception to the one-year limit to removal created by the voluntary-involuntary rule. The Court finds, however, that it did not make a clear error of law and will deny Defendants' motion.

Defendants cite *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967), and the legislative history of 28 U.S.C. § 1446(b) for their contention that cases removed on the basis of the voluntary-involuntary rule are an exception to the one-year limit to removal. Defendants recognize, however, that the one-year limit is found in § 1446(c), not § 1446(b), and that this limit was created 21 years after the Fifth Circuit's decision in *Weems*. The only case Defendants cite that specifically deals with the application of the one-year limit in § 1446(c) to cases removed on the basis of a voluntary act of the plaintiff is a district court case out of the United States District of New Mexico. While this precedent may have been persuasive to the Court in the absence of guidance from within the Fifth Circuit, the Court cannot ignore binding precedent or the clear language of § 1446(c).

Section 1446(c) clearly states that, if a case becomes removable under § 1446(b)(3) on the basis of diversity by the filing of "some other paper," such as a voluntary removal, that case "may

not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action." The only exception the Fifth Circuit has recognized to this one-year limit is the equitable exception crafted in *Tedford v. Warner-Lambert Co.*, which allows an action to be removed "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction." 327 F.3d 423, 428-29 (5th Cir. 2003). Defendants made no attempt to articulate an argument that Plaintiff manipulated the rules to defeat removal jurisdiction prior to the Court's ruling on the motion to remand, and no such argument will be entertained now on reconsideration. Therefore, because the Court has made no clear error of law, Defendants' Motion for Reconsideration [10] will be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Reconsideration [10] is **denied**.

SO ORDERED AND ADJUDGED this the 13th day of April, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE